# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| COBRA FIXATIONS CIE LTEE-COBRA ANCHORS CO., LTD., | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | 1:09CV436 |
| NEWELL OPERATING COMPANY, d/b/a Bulldog Hardware, | ) ) ) ) | |
| Defendant/Counter-Plaintiff. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the motion for judgment of non-infringement filed by Defendant/Counter-Plaintiff Newell Operating Company. (Docket No. 43.) Plaintiff/Counter-Defendant Cobra Anchors Co. has responded in opposition to this motion. (Docket No. 62.) Defendant filed a reply. (Docket No. 68.) This Court heard oral argument on the motion on March 30, 2011. For the reasons stated herein, this Court recommends that Defendant's motion for judgment of non-infringement be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed its first amended complaint following this Court's Order and Recommendation entered on October 21, 2009, finding substantial deficiencies in Plaintiff's original complaint. (Text order docketed on 10/21/09.) Plaintiff now claims that Defendant

is infringing upon three of its design patents – the '419 (for a ceiling hook), the '911 (for a wall-mounted hook), and the '110 (for a ceiling hangar) patents – in violation of 35 U.S.C. §271(a). (Docket No. 28, Amended Complaint.) Defendant denies that the designs of its three competing products–the "ceiling drill," the "tap n' hang hook," and the "ceiling hangar," respectively– infringe upon the designs of Plaintiff, and counterclaims for declaratory judgments of non-infringement and invalidity of Defendant's three patents. (Docket No. 29, Answer and Counterclaims.)

Defendant filed its motion for judgment of non-infringement pursuant to Fed. R. Civ. P. 12(c), or in the alternative for summary judgment pursuant to Fed. R. Civ. P. 56. (Docket No. 43.) Defendant argues that its three products are sufficiently distinct in their design from the designs of Plaintiff such that, as a matter of law, they do not infringe Plaintiff's patents. (Docket No. 45, Def.'s Mem. of Law.) Plaintiff contends that the motion should be denied because a reasonable jury could return a verdict in its favor on the issue of non-infringement. (Docket No. 62, Pl.'s Resp.) Discovery has been stayed pending resolution of this motion. (Docket No. 71.)

# DISCUSSION

## A. <u>Standard</u>

Because Defendant relies upon documents outside of the pleadings, such as design drawings of prior art, the Court will employ the summary judgment standard in this action.[1] (Docket No. 45 at 11.) Summary judgment is appropriate only when no genuine issue of material fact exists. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). A genuine issue of fact exists if the evidence presented could lead a reasonable fact-finder to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A court considering a motion for summary judgment must view all facts and draw all reasonable inferences from the evidence before it in a light most favorable to the non-moving party. (*Id.* at 255.) The proponent of summary judgment "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Comm'rs,* 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries this burden, then the burden "shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id*. at 718-19 (citing *Anderson*, 477 U.S. at 247-48). A mere scintilla of evidence supporting the non-moving party's case is insufficient to defeat a motion for summary judgment. *See, e.g., Shaw*

---

[1] *See* Fed. R. Civ. P. 12(d). Consideration of the case under the Fed. R. Civ. P. 12(c) standard would not change this Court's recommendation.

*v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994); *see also Anderson*, 477 U.S. at 248 (non-moving party may not rest upon mere allegations or denials).

**B.    Infringement Test**

Whether the design of Defendant's products infringe upon the design of Plaintiff's products is a question of fact which Plaintiff must prove by a preponderance of the evidence. *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010). The "sole test" for determining infringement is the "ordinary observer" test. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008), *cert. denied*, ___ U.S. ___, 129 S. Ct. 1917 (2009). "The patentee must establish that an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Richardson*, 597 F.3d at 1295.

Design patents are usually claimed according to their drawings, and claim construction "must be adapted to a pictorial setting." *Id*. at 1294. Therefore, in applying the ordinary observer test, courts compare the designs of products in a pictorial setting to determine, as an initial matter, whether the "claimed design and the accused design [are] sufficiently distinct that it [is] clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer." *Egyptian Goddess,* 543 F.3d at 678 (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)). If the claimed and accused designs are not plainly dissimilar, courts compare the claimed and accused designs with the prior art. *Egyptian Goddess*, 543 F.3d at 678. Where there are

many examples of similar prior art, "differences between the claimed and accused designs that might not be noticeable in the abstract can become significant" to the ordinary observer who is knowledgeable of the prior art. *Id*.

Infringement is established when comparison of the overall appearance of the claimed and accused designs shows that they are deceptively similar. *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010). Minor differences between a patented design and an accused article's design will not prevent a finding of infringement. *Id*. Because Plaintiff's patents are design patents, the Court focuses on the overall ornamental appearance of the designs. *See Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577-78 (Fed. Cir. 1995).

**C.** **<u>Application</u>**

The record in this action contains the design drawings of all three of Plaintiff's claimed products. (Docket No. 28 at 4-5; Docket No. 61, Exs. C ('110 patent), D ('419 patent), E ('911 patent).) The record also contains the design drawings for two of Defendant's accused products.[2] Defendant's ceiling driller is patented as No. D590,239S, and is accused of infringing Plaintiff's '419 patent. (Docket No. 44, Ex. A.) Also, Defendant's tap n' hang hook is patented as No. D596,930S. (*Id*., Ex. B.) It is accused of

---

[2] The fact that two of Defendant's accused products have patented designs is relevant to but not dispositive of the question whether the design of Defendant's products infringe upon the design of Plaintiff's products. *Moen Inc. v. Foremost Int'l Trading, Inc.*, 38 F. Supp. 2d 680, 684 n.3 (N.D. Ill. 1999).

infringing Plaintiff's '911 patent. Pictorial representations of Defendant's swivel ceiling hangar, which is accused of infringing Plaintiff's '110 patent, also appear in the record. (Docket No. 61, Ex. B at 11-13.) The record also contains many drawings of the designs of prior art. (Docket No. 44, Exs. E-V; Docket No. 62 at 7, 11, 14; Mar. 30, 2011 Oral Argument Notebooks prepared by Cobra Fixations.)

With regard to the first stage of the infringement test, viewing the overall ornamental impression of the three sets of claimed and accused designs, this Court cannot conclude that an ordinary observer would find the designs to be plainly dissimilar. *See Egyptian Goddess,* 543 F.3d at 678. Moving to the second stage of the test, a comparison of the overall impression of the three sets of claimed and accused designs in conjunction with the prior art shows that a reasonable jury could (although it well might not) find that an ordinary observer familiar with the prior art would be likely to purchase one product thinking it was the other. *See id*. at 683. A genuine issue of fact therefore exists for resolution by the jury because of the similarity of Plaintiff's designs to Defendant's accused designs.

The test for infringement focuses upon the overall ornamental impression of the products in question, as viewed by an ordinary observer familiar with the prior art. In determining that summary judgment should be denied to Defendant, the Court has distinguished functional features from ornamental features, has considered the particular differences in ornamental design highlighted by Defendant in its summary judgment oral argument, and has considered the prior art submitted by Defendant. The Court cannot

conclude that Defendant is entitled to judgment as a matter of law and undisputed fact. Defendant's arguments regarding non-infringement may prove to a trier-of-fact to be strong, but they are not sufficient to remove the case from the realm of the jury.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's motion for judgment of non-infringement (Docket No. 43) be denied. A Joint Discovery Plan is due with regard to further proceedings within two weeks of the entry of any order by a district judge who adopts the substance of this Recommendation. (*See* Order of August 19, 2010, Docket No. 71.)

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: April 13, 2011